IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DONALD ROMERO**, as parent and
next friend of **N.R.**, a minor child,

      Plaintiff,

v.                                               No. CV 1:17-1273 RB-KBM

**ERIC KNEE**, **THE CITY OF SANTA FE**,
**JOHN DOE #1**, **JOHN DOE #2**, **JOHN DOE #3**,
**JOHN DOE #4**, and **OTHER YET-TO-BE IDENTIFIED
EMPLOYEES OR FORMER EMPLOYEES OF THE
CITY OF SANTA FE**,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiffs decide in which forum—state or federal—to file their cases, but defendants have the ability to remove certain types of cases from state to federal court. To remove an action, though, *all* defendants who had been properly joined and served at the time of removal must agree to move to the federal forum. If a single defendant does not assent to removal—for any reason, or no reason—the action will remain in state court.

Defendant City of Santa Fe (the City) removed this case from state to federal court without obtaining the consent of co-defendant Eric Knee, who was a properly-served defendant at the time of removal. The City did not obtain Mr. Knee's consent because Plaintiff Donald Romero did not file proof of service as required by state law, so the City did not know that Mr. Knee was a properly-served defendant whose consent it needed. Regardless of the City's reason, however, the fact remains that a properly-served defendant at the time of removal did not, and does not, consent to removal. As such, the Court grants Mr. Knee's motion to remand (Doc. 9).

## BACKGROUND

Mr. Romero brought suit in state court on behalf of his minor son, N.R., against Mr. Knee, the City, and other unidentified defendants for a sexual assault that occurred at a swimming pool. The City was served with the complaint on December 13, 2017, and Mr. Knee was served with the complaint on December 15, 2017. (Doc. 15 at 1.) Mr. Romero did not file proof of service, however, so the state court record did not reflect that he had been properly served. (*See* Doc. 14 at 8.)

Five days after Mr. Knee was served, the City removed the action to this Court. (Doc. 15 at 1.) Though federal law requires the City to obtain the consent of all properly-served co-defendants before removing an action to federal court, *see* 28 U.S.C. § 1446(b)(2)(A), the City, relying on the state court record, did not know that Mr. Knee had been served and thus did not seek his consent.

After the action had been removed, Mr. Knee filed an answer to Mr. Romero's complaint. (Doc. 6.) And two weeks after filing his answer, Mr. Knee sought remand to state court, arguing that removal was defective because the City had failed to secure his consent as required.

## DISCUSSION

**I. Mr. Knee did not consent to removal or waive his right to seek remand by filing his answer in this court.**

Before delving into the merits, a preliminary question is whether Mr. Knee can object to removal and seek remand. Noting that Mr. Knee filed an answer before seeking remand, the City argues that Mr. Knee's answer constituted consent to the federal forum. (Doc. 14 at 7.) The City's argument can also be framed in terms of waiver—Mr. Knee waived his right to seek remand by filing his answer in federal court.

Procedural defects in removal—like failing to secure the consent of all defendants—can be waived. *Vill. Apartments Co., L.P. v. Asset Shelters Grp., Inc.*, No. 1:07-CV-817 MCA/RLP, 2008 WL 11414603, at *2 (D.N.M. Apr. 29, 2008) (citing *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006)). Waiver can be found where a party takes affirmative action in district court. *Vill. Apartments*, 2008 WL 11414603, at *3 (citing *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 904 (6th Cir. 1988)). There is no bright line delineating how much affirmative action is enough to constitute waiver, but an important consideration is the nature and extent of the action, keeping in mind principles of fairness and whether the action evinces consent to the federal forum. *See id.* Ultimately, "[a] district court has broad discretion in deciding whether a party waived its right to object to procedural irregularities." *Lanier*, 843 F.2d at 904.

In a case outside this district, a court found waiver of the right to seek remand when the party seeking remand "entered into stipulations, filed requests for discovery, sought to amend her complaint, filed a new lawsuit . . . in the federal court, demanded trial by jury, and proceeded with discovery" before seeking remand. *Id.* at 905. On the other hand, in a case in this district where the party seeking remand filed counter- and cross-claims in federal court, the court held that such action was insufficient to constitute waiver. *Vill. Apartments*, 2008 WL 11414603, at *3. And in another case in this district, the court ruled that a party's "willingness to proceed before a magistrate and filing of a corporate disclosure statement" did not amount to consent to removal and were not enough to waive the right to remand. *See State Farm Fire & Cas. Co. v. Dunn-Edwards Corp.*, 728 F. Supp. 2d 1273, 1278 n.19 (D.N.M. 2010).

In this case, Mr. Knee filed an answer in this Court in which he responded to factual allegations, was silent on the issue of remand, and included a cursory statement asking the Court

to dismiss the complaint. (Doc. 6 at 1–6.) Responding to factual allegations and including a brief statement seeking dismissal is par-for-the-course in a party's answer. Mr. Knee did not file a motion to dismiss or include sufficient briefing to create a realistic chance that the Court would dismiss the complaint based solely on his answer. In light of these examples of how other courts have judged affirmative actions in this context, Mr. Knee's answer appears to be less affirmative and more defensive in nature. Additionally, Mr. Knee's answer did not trigger more briefing by the parties unrelated to remand, so there is no concern that a remand would waste the parties' or Court's efforts. And Mr. Knee's filing for remand came before any adverse merits ruling by this Court, so remand would not give Mr. Knee two bites at the proverbial apple. *See United States v. Nacchio*, 555 F.3d 1234, 1253 (10th Cir. 2009) ("Courts are not disposed to allow litigants to have two or more bites at the proverbial apple.") For these reasons, the Court finds that Mr. Knee's answer did not evince consent to removal or cause him to waive his objection to removal.

**II. Mr. Knee's objection defeats removal by preventing satisfaction of the unanimity rule.**

Having determined that Mr. Knee may object to removal, the Court examines Mr. Knee's objection: that the City's removal is defective because it failed to secure his consent to removal. "Often called the 'unanimity rule,' a failure of all 'served' defendants to consent in writing to removal constitutes a procedural defect requiring remand." *Doe v. Sunflower Farmers Markets, Inc.*, 831 F. Supp. 2d 1276, 1278 (D.N.M. 2011).

In response to Mr. Knee's objection, the City contends that Mr. Knee was not a properly-served defendant at the time of removal because Mr. Romero did not promptly file proof of service with the state court. (Doc. 14 at 8.) And because Mr. Romero did not file proof of service, the City continues, there was no way to tell from the state court record whether Mr. Knee had been served. (*See id.* at 4–7.) Citing a previous case before this Court, *Doe v.*

*Sunflower Farmers Markets*, the City argues that a removing defendant has no obligation to look past the state court record in complying with the unanimity rule. (*See id.* at 4–5.)

Turning first to the issue of whether Mr. Knee was properly served, the Court notes that, as this case was filed in New Mexico state court, New Mexico's procedural rules govern the initial service of process. *See Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1184 (10th Cir. 2014) (looking to state service-of-process rules). Under New Mexico's Procedural Rules, it is the party obtaining service—a confusingly-worded way to reference the plaintiff—who is responsible for filing proof of service with the state court. N.M.R.A. Rule 1-004(L) ("The party obtaining service of process or that party's agent shall promptly file proof of service."). But failure to file proof of service does not invalidate service of process. *Id.* ("Failure to make proof of service shall not affect the validity of service.")

Apart from the fact that Mr. Romero did not file proof of service, the City has no other complaints about service to Mr. Knee. Since failure to file proof of service does not invalidate service under New Mexico law, the Court will treat Mr. Knee as a properly-served defendant at the time of removal—any other result would allow the plaintiff to deprive a properly-served defendant of his right to veto removal by failing to file proof of service.

Moving to the City's argument that it does not need to look further than the state court record, the Court examines *Sunflower Farmers Markets*, on which the City relies. In *Sunflower*, two defendants removed the case without obtaining consent from a third defendant, for whom proof of service was not filed. *Sunflower Farmers Markets*, 831 F. Supp. 2d at 1278. The plaintiff argued that the omission of the third defendant from the notice of removal rendered removal defective. *Id.* The Court rejected the plaintiff's argument, ruling that the removing defendants did not need to look past the state court record to determine whose consent they

5

needed. *Id.* at 1279–80. Applying *Sunflower* to the present facts, it would appear that the City did not need Mr. Knee's consent to remove, because there was no proof of service to Mr. Knee, and the City did not need to look past the state court record.

But closer inspection reveals that *Sunflower* is distinguishable in at least two ways. In *Sunflower*, the plaintiff could not make the case that the ignored defendant had been properly served. *Id.* at 1279 ("Plaintiff does not cite any decision, much less binding authority, that holds Defendant Garcia qualified as a "served" defendant under the circumstances of this case.") And in *Sunflower*, it was the *plaintiff* who sought remand. *Id.* at 1278. There was no evidence in *Sunflower* that a defendant objected to removal. In contrast, the party that seeks remand here is the *defendant* who was omitted from the notice of removal. As Congress requires "all defendants who have been properly joined and served" to consent to removal, and as Mr. Knee was a properly-served defendant at the time of removal, it was Mr. Knee's prerogative to defeat removal by withholding his consent.

In the end, the question is not whether the removing defendant did everything it could to obtain consent, but whether all properly-served defendants consent to removal. If all defendants consent, then courts have been willing to forgive minor procedural defects, especially when the procedural defect was not the fault of the removing defendant. *See Branch v. Attorney for You*, No. L:15-CV-1087-RAJ, 2016 WL 7437140, at *2 (D.N.M. Feb. 11, 2016) (holding that remand was not required when the removing defendant omitted another properly-served defendant from the notice of removal because he did not know the omitted defendant had been served, *and the omitted defendant later consented to removal*). If fewer than all defendants consent to removal, however, removal is not appropriate, regardless of the fact that the removing defendant tried its best to obtain consent. Because Mr. Knee was a properly-served defendant at the time of

6

removal, and did not and does not consent to removal, the unanimity rule is not satisfied. The Court thus grants Mr. Knee's motion to remand.

**III. The Court rejects both parties' request for fees.**

Both parties asked for attorney's fees and costs. (Docs. 14 at 8; 15 at 6–7.) The Court summarily rejects the City's perfunctory, unexplained request for fees.

As for Mr. Knee, he requests fees because he feels that the City had no reasonable basis for removing the case in the first place, and that it had no reasonable basis for fighting remand once he made his lack of consent to removal clear. (*See* Doc. 15 at 6–7.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The City had a reasonable basis for seeking removal because the state court record disclosed no other defendant whom the City needed to consult before removing. And the City reasonably defended its removal: for example, the City had a reasonable waiver argument because whether Mr. Knee waived his remand argument by filing his answer was up to the Court's discretion, given the contents of the answer. Accordingly, the Court denies Mr. Knee's request for fees.

## CONCLUSION

For the reasons given, the Court grants Mr. Knee's motion to remand (Doc. 9) and remands the case to the First Judicial District, County of Santa Fe, State of New Mexico. The Court rejects both parties' fee requests.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**